## SUNBEAM CORP. v. MASTERS, Inc.

United States District Court
S. D. New York.
May 3, 1951.

Rogers, Hoge & Hills, New York City, Cyrus Austin and George M. Chapman, New York City, of counsel, for plaintiff.

Francis M. Verrilli, Brooklyn, N. Y., for defendant.

McGOHEY, District Judge.

Petitioner moves to have Masters, Inc. punished for civil and criminal contempt for violation of an injunction and for relief supplementary thereto. By separate motion it prays that the two affirmative defenses to the petition be stricken.

The injunction, entered on November 24, 1950, provides:

"3. That the defendant, its respective officers, employees, servants, agents and attorneys, and all persons in active concert or participation with them, be and hereby are permanently enjoined and restrained from advertising, offering for sale or selling any commodity bearing, or the label of which bears, plaintiff's trade-mark or name at prices less than those stipulated in plaintiff's aforesaid fair trade contracts with retailers of electrical appliances in the State of New York or at prices less than the minimum resale prices from time to time set forth in plaintiff's current retail price list furnished by plaintiff to defendant while such fair trade contracts are in force and effect."

By order dated February 2, 1951, petitioner's attorneys were directed to prosecute the alleged contemnor for criminal contempt for violation of the injunction.

Local Civil Rule 16 provides in part: "If the alleged contemnor puts in issue his alleged misconduct or the damages thereby occasioned, he shall, upon demand therefor, be entitled to have oral evidence taken thereon, either before the court or before a master appointed by the court."

Those matters have been put in issue by Masters and, since it has demanded a trial, this proceeding will be referred to a master for the taking of evidence on the issues raised by the petition and answer.

Masters' demand for a jury trial must be denied. It is not true, as is argued on its behalf, that it is accorded that right by the provisions of Section 3691 of 18 U. S. Code since the act here charged as a contempt is not one which "also constitutes a criminal offense under any Act of Congress, or under the laws of any state in which it was done * * *." Nor is Masters' contention aided by reference to Rule 42(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which provides that in the prosecution of a criminal contempt "The defendant is entitled to a trial by jury in any case in which an act of Congress so provides." No such Act of Congress has been cited to me on behalf of Masters, nor am I aware of one.[1]

Petitioner seems to me to be entitled to the audit and accounting it has requested on this motion. Masters has not in fact opposed this request. The order to be entered will provide for this relief.

The motion to strike the separate defenses should be granted. The substance of these defenses is the factual allegation that petitioner has failed to enforce its fair-trade price structure. The first defense alleges that petitioner has thereby waived the benefits of the New York Fair

1. See United States v. United Mine Workers, 330 U.S. 258, 298, 67 S.Ct. 677, 91 L.Ed. 884.

**320**

Trade Law.[2] The second defense alleges that Masters consented to the injunction in reliance upon petitioner's promises to enforce the fair-trade price structure, and that since petitioner has not kept its promise it should be denied relief because it "does not come into Court with clean hands."

In the absence of a "substantial showing, by affidavit, that the price fixing structure may have broken down" the petitioner "should not be obliged to prove [its] rights anew each time an application is made to punish a violation of the injunction."[3] The affidavits submitted on behalf of Masters do not in my opinion make the requisite showing. The motion to strike is accordingly granted.

It follows from the foregoing that Masters' cross-application that the injunction be vacated must be denied. It is.

Settle order.

---

2. N. Y. General Business Law, McK.Consol.Laws, c. 20, § 369-a et seq.

3. Office Machine Deal. Ass'n v. Tytell Typewriter Co., Sup., 95 N.Y.S.2d 205, 206–207.